JOSIAH D. RICHARDS *vs.* WILLIAM M. FISHER & others.

If a partnership note has been given payable on demand to the order of one of the firm, and indorsed by him, a retiring partner cannot defend an action thereon brought by the indorsee against him and his late partners, by proof of the execution, by them and his successor in the firm, of a bond to him to pay all the debts and liabilities of the late firm.

CONTRACT by the indorsee against the makers of three prom issory notes, signed by " H. Tifft & Co.," a firm composed of Horace Tifft, Milton W. Blackinton and William M. Fisher, payable on demand. Two of the notes were payable to said Tifft or order, and one to Blackinton or order, and all were indorsed in blank. Tifft and Blackinton were defaulted, and Fisher only defended the action.

At the trial in the superior court, it was agreed that after the notes were given, Fisher retired from the firm of H. Tifft & Co, and John E. Brewster succeeded to his interest therein, and Tifft, Blackinton & Brewster executed to Fisher a joint and several bond, with condition that " if the said obligors shall well and truly pay or cause to be paid all the debts and liabilities of the late firm of H. Tifft & Co., of which said Fisher was a partner, and save the said Fisher harmless by reason thereof," then the bond should be void. *Rockwell*, J. ruled that these facts were no defence, and a verdict was returned for the plaintiff. The defendant Fisher alleged exceptions.

*E. H. Bennett*, for the defendant Fisher. The notes in suit being all on demand, any matter is a legal defence against the indorsee, which would be against the payee. Gen. Sts. *c.* 53, § 10. *Brooks* v. *Twitchell*, 6 Met. 513. *Lewis* v. *Brooks*, 9 Met. 367. *Sacket* v. *Loomis*, 4 Gray, 148. *Thompson* v. *Hale*, 6 Pick. 259. A complete and valid contract was made by the execution of the note, although made by a firm to one of its own members. *Temple* v. *Seaver*, 11 Cush. 314. But in an action against Fisher by the payee, his bond to pay these very notes would be a defence; because otherwise Fisher could turn round and

recover back the identical sum. And whenever the same defendant can recover back of the same plaintiff the same amount of damages, the law requires no cross action, but the first suit is defeated. Thus a covenant never to sue is a bar. *Deux* v. *Jefferies,* Cro. Eliz. 352. *Hodges* v. *Smith,* Ib. 623. *Cuyler* v. *Cuyler,* 2 Johns. 186. *Phelps* v. *Johnson,* 8 Johns. 54. *Walmesley* v. *Cooper,* 11 Ad. & El. 216. *Sewall* v. *Sparrow,* 16 Mass. 24. The fact that the bond is signed by three persons does not affect this principle, because the bond is joint and several. It is like three distinct bonds. If the defendant could recover the whole amount against the payee, of what consequence is it that he might also have a right of action against others ? See *Clark* v. *Bush,* 3 Cow. 151 ; *Cuyler* v. *Cuyler, ubi supra ; Whitaker* v. *Salisbury,* 15 Pick. 535. But this bond is more than a covenant not to sue ; it must have been understood and intended as a release and discharge.

*C. I. Reed & J. E. Sanford,* for the plaintiff, cited, in addition to several of the cases cited by the defendants, *Perkins* v. *Gilman,* 8 Pick. 230 ; *Emerson* v. *Baylies,* 19 Pick. 55 ; *Harrison* v. *Wilcox,* 2 Johns. 449 ; *Dean* v. *Newhall,* 8 T. R. 168 ; *Tuckerman* v. *Newhall,* 17 Mass. 581 ; *Thayer* v. *Buffum,* 11 Met. 398 ; *Pitcher* v. *Barrows,* 17 Pick. 363.

MERRICK, J. The defendant Fisher contends that he is entitled to set up the facts in defence upon which he relies under the statute, which provides that in any action by an indorsee against the promisor brought upon a promissory note payable on demand, any matter shall be deemed a legal defence which would be a defence to a suit thereupon if brought by the promisee. Gen. Sts. *c.* 53, § 10. In the case of *Pitcher* v. *Barrows,* 17 Pick. 363, it is said by the chief justice, in delivering the opinion of the court, that a promissory note made by all the members of a partnership to a part of their number is like a note payable to one's own order, which, though till indorsement it is not a good legal contract, becomes such by the indorsement. And again, in the case of *Thayer* v. *Buffum,* 11 Met. 398, such a note is said to be the promise of all to pay to the order or appointee of one, and that when the appointment is made it

is a valid contract with the indorsee. It is obvious that if such a note does not become a valid, subsisting and effectual contract until it has been indorsed, the defendant Fisher can make no defence to the present action ; for it has not been suggested in his behalf that anything has occurred since the note was indorsed to impair or affect its validity, or to prevent a recovery upon it.

But without considering this question, and assuming that the contract was complete between the parties when the note was delivered to the payee, the question arises whether the matter offered in defence constitutes a legal bar to the maintenance of the action. The objection which has been urged against such defence we think is insuperable. The bond of indemnity given to Fisher by Tifft, Blackinton & Brewster has no tendency to show either the invalidity or the release and discharge of the contract. On the contrary, all the parties to the bond assume that the contract remains in force and is to be performed, and that it may be enforced against each of the persons liable upon it, and they accordingly stipulate what shall be the consequence if it shall be so enforced against the defendant Fisher. But still a bond of indemnity, like a covenant not to sue, while it expressly recognizes the validity and continued obligation of a contract, may, to avoid circuity of action, if justice requires it, or will not be impeded by it, be availed of in defence of a suit in favor of the parties executing the bond. But this is not an absolute right; it is only in certain cases and under certain circumstances that such a course of proceeding is permitted. The principle is stated and explained clearly by Wilde, J., in the case of *Emerson* v. *Baylies*, 19 Pick. 59. These agreements and covenants not to sue, he says, are not in fact releases which may be pleaded in bar, but are considered and allowed as such merely to avoid circuity of action ; and unless it appears that no injustice can be done by thus considering them, the parties will be left to their respective remedies on their respective contracts. Now applying that principle to the present case, the conclusion is irresistible that Mr. Fisher cannot avail himself of his bond of indemnity to maintain his proposed defence. He cannot be

allowed to do it, because he would thereby essentially affect and vary the rights of other parties. The defendants Tifft and Blackinton have already been defaulted. They neither have, nor have had, any possible means of defence for themselves. If therefore judgment is rendered against them, each of them will be liable to pay one moiety of the debt, and neither of them will have a right of contribution against any other party. But if judgment is rendered against the defendant Fisher, and payment of it should be enforced against him, his remedy will be upon his bond of indemnity. He might maintain an action upon it against all the obligors, or, as it is in its terms joint and several, against either one of them. But however he should in this respect proceed, the party against whom the recovery is had would have a right of contribution against his co-obligors; and the consequence would be that Blackinton and Tifft, instead of being severally obliged to pay one half of the amount of the debt due to the plaintiff, would be obliged to pay or contribute only one third of it; the other third being the proper share of Brewster, who united with them in the agreement to save Fisher harmless from loss. And this appears to be the only way in which he could be made responsible, or compelled to join with them in the performance of the agreement into which he has entered. This is the very case therefore in which, according to the principle stated in the case of *Emerson* v. *Baylies*, above cited, the parties should be left to their several remedies on their respective contracts. The conclusion therefore must be, that Fisher cannot avail himself of his proposed defence, and that judgment for the plaintiff must be entered on the verdict.